UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Raphael De Jesus Duran,

                                             Plaintiff,

-against-

34th Street Diner, Inc., et al.,

                                             Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/14/2020

1:18-cv-03686 (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

On April 26, 2018, Plaintiff filed this class and collective action against 34th Street Diner, Inc. d/b/a Tick Tock Diner, Trattoria Bianca and Alex Sgourdos alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") and New York Labor Law ("NYLL"). (Compl., ECF Nos. 1 & 8.) On November 23, 2018, the parties consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c). (Consent, ECF No. 26.) Following an initial conference before the undersigned, the parties engaged in discovery, various discovery-related motion practice (*see, e.g.*, ECF Nos. 36, 42, 51, 59) and mediation. (ECF No. 46.) On January 28, 2020, after the completion of fact discovery, the Court scheduled a final pretrial conference for February 18, 2020, at which the parties were instructed to be prepared to "discuss any dispositive motions, a trial date, and the Joint Pretrial Order required by Section IV.B of Judge Aaron's Individual Practices." (1/28/20 Order, ECF No. 66.)

Pending now before the Court is Plaintiff's February 13, 2020 proposed stipulation of voluntary dismissal ("Stipulation"), seeking to dismiss this action without prejudice. (*See* Stip.,

ECF No. 67.) For the reasons set forth below, the parties shall appear via Telephone for a conference to discuss the provenance of the Stipulation.

## DISCUSSION

*Cheeks v. Freeport Pancake House, Inc*. left open "the question of whether parties may settle [FLSA] cases without court approval . . . by entering into a Rule 41(a)(1)(A) stipulation without prejudice." 796 F.3d 199, 201 n.2 (2d Cir. 2015). Nevertheless, "[a]lthough *Cheeks* does not require judicial review when a settlement dismisses a case without prejudice, *Cheeks* also does not preclude such review." *Lopez v. 41-06 Bell Blvd. Bakery LLC*, No. 15-CV-6953 (SJ)(PK), 2016 WL 6156199, at *1 (E.D.N.Y. Oct. 3, 2016), *report and recommendation adopted*, No. 15 CV 6953 (SJ) (PK), 2016 WL 6208481 (E.D.N.Y. Oct. 21, 2016).

Although Courts in this Circuit disagree, some have held that FLSA parties must provide the Court with information related to a dismissal without prejudice, in an effort to prevent a situation where the parties have "covertly settled FLSA claims in an effort to evade judicial review required by *Cheeks* [ ]." *De Jesus v. Magnetic Contracting Corp*., No. 19-CV-01842, 2019 WL 4737053, at *1 (E.D.N.Y. Sept. 27, 2019); *see also Gallardo v. PS Chicken Inc.*, 285 F. Supp. 3d 549, 552 (E.D.N.Y. 2018) (listing policy considerations undergirding Court consideration of dismissing FLSA cases without prejudice); *Carson v. Team Brown Consulting, Inc*., No. 16CV4206LDHRLM, 2017 WL 11485513, at *8 (E.D.N.Y. Sept. 30, 2017) ("This Court concludes that the language of Rule 41(a)(1) and the policy considerations addressed in *Cheeks* require a fairness review of FLSA settlements involving dismissal without prejudice pursuant to Rule 41(a)(1)(A)(i)."); *Seck v. Dipna Rx, Inc.*, No. 16-cv-7262 (PKC), 2017 WL 1906887, at *4 (S.D.N.Y. May 8, 2017) (vacating court order that approved "voluntary discontinuance"). *But see Mejia v. 561 Straight Deli Grocery, Inc.*,

No. 1:19-CV-01292-GHW, 2019 WL 6729257, at *2 (S.D.N.Y. Dec. 11, 2019) ("The court in *Cheeks* expressly reserved decision with respect to voluntary dismissals of FLSA claims without prejudice under Rule 41(a)(1)(A). As a result, the Court will accept a stipulation of dismissal under Rule 41(a)(1)(A), so long as the parties' stipulation of dismissal dismisses claims arising under the FLSA without prejudice.").

In view of the conflicting case law, the Court wishes to discuss with the parties the proposed dismissal during a telephone conference.

## **CONCLUSION**

Accordingly, the parties shall appear via Telephone for a conference Tuesday, February 18, 2020, at 11:00 a.m. to discuss the provenance of the Stipulation. The parties shall call the Court's conference line at 212-805-0110 once all parties are on the line. This telephone conference will take place in lieu of the previously scheduled final pretrial conference.

DATED:    New York, New York
         February 14, 2020

                                                                     _____
                                                                     STEWART D. AARON
                                                                     United States Magistrate Judge